

**UNITED STATES DISTIRCT COURT**
**For the**
**Eastern District of New York**



RECEIVED

NOV 2 2 2022

PRO SE OFFICE

YUSUF 'ABDUR-RAHMAN; and JAMAL
IBIN YUSUF 'ABDUR-RAHMAN SMALLS,

Civil Case No. **CV 22-7231**

Plaintiffs,

vs.

DOUG MCMILLION, PRESIDENT & CEO;
JIM WALTON; ALICE WALTON; SAMUEL
ROBSON WALTON; LUKAS WALTON; ANN
WALTON KROENKE, HEIRS OF WALMART;
AND WALMART CORPORATION;

Donnelly, J.

Bloom, M.J.

Defendants.

**COMPLAINT FOR A CIVIL CASE ALLEGING NEGLIGENCE AND BREACH OF DUTY**
**(28 U.S.C. § 1332-D Diversity of Citizenship)**

Submitted Nov. 22 2022

1

## I.    The Parties to This Complaint

### A.    The Plaintiffs

Yusuf 'AbduR-Rahman
31 Clark Lane, Apt 31B
Staten Island, New York 10304
(917) 708-1500
deadlineapparels@gmail.com

Jamal Ibin Yusuf AbduR-Rahman Smalls
17 Laurel Court
Irmo, South Carolina 29063

### B.    The Defendants

Doug McMillion
President and CEO-Walmart, Corp.
703 S.W. 8th Street
Bentonville, Arkansas  72716
(800) 925-6278

Jim Walton
Heir/Owner-Walmart, Corp.
703 S.W. 8th Street
Bentonville, Arkansas  72716
(800) 925-6278

Alice Walton
Heiress/Owner-Walmart, Corp.
703 S.W. 8th Street
Bentonville, Arkansas  72716
(800) 925-6278

Samuel Robson Walton
Heir/Owner-Walmart, Corp.
703 S.W. 8th Street
Bentonville, Arkansas  72716
(800) 925-6278

Lukas Walton
Heir/Owner-Walmart, Corp.
703 S.W. 8th Street
Bentonville, Arkansas  72716

Ann Walton-Kroenke
Heiress/Owner-Walmart, Corp.
703 S. W. 8th Street
Bentonville, Arkansas  72716
(800) 925-6278

The Walmart Stores
Walmart-Corporation
703 S.W. 8th Street
Bentonville, Arkansas  72716
(800) 925-6278

## Diversities of Citizenship

**A.    The Plaintiffs:**

1.    The Plaintiff, Yusuf 'AbduR-Rahman, is a citizen of the State of New York.

2.    The Plaintiff. Jamal Ibin Yusuf 'AbduR-Rahman, is a citizen of the State of South Carolina.

**B.    The Defendants:**

1.    The Defendant, Doug McMillion, is a citizen of the State of Arkansas.

2.    The Defendant, Jim Walton, is a citizen of the State of Arkansas.

3.    The Defendant, Alice Walton, is a citizen of the State of Arkansas.

4.    The Defendant, Samuel Robson Walton, is a citizen of the State of Arkansas.

5.    The Defendant, Lukas Walton, is a citizen of the State of Arkansas.

6.    The Defendant, Ann Walton-Kroenke, is a citizen of the State of Arkansas.

7.    The Defendant, Walmart Corporation, is incorporated under the laws of the State of Arkansas, and has its principal place of business in the State of Arkansas.

**C.    The Amount in Controversy**

The amount the Plaintiffs are suing the Defendant for is exceeds more than $75, 000, and not including interest and Court costs.

**III.    Statement of claims**

## Cause of Action

The Defendants are vicariously liable for personal injuries that the Plaintiffs sustained. On August 19, 2022 April Walker, owner and insuree, of a 2015 Jeep Renegade, (hereafter "The Jeep"), had the Defendants' 'Walmart Auto Care Center' [located at 360 Harbison Boulevard, imbient of Columbia, South Carolina] auto mechanics removed and replaced three new tires on the Jeep's rims. The Defendants' auto mechanics failed to properly reinstall the three rims they removed and replaced on the Jeep's, in which resulting in the driver's front rim disconnecting, coming off, of the Jeep that in which caused both of Plaintiffs to sustain physical injuries, inter alia. The impact of  the Jeep slamming into the asphalt of the highway, while both Plaintiffs   contemporaneously were backseat passengers, thus caused both Plaintiffs to be brutally rammed into the Jeep's front driver and passenger seats. The Defendants' auto mechanic(s) performed acts that a skilled person of ordinary prudence in the synonymous or similar mannerism would not have done. The Defendants failed to properly reinstall the Jeep's rim lug-nuts onto the Jeep and to follow Repair procedures.

## Acts Contributed to Cause of Injury

### Plaintiff Yusuf 'AbduR-Rahman

If were not for the Defendants breach of duty and negligent actions and inactions, the Plaintiffs' August 21, 2022  automobile accident and injuries that  both Plaintiffs would have precluded in the beginning.  Plaintiff Yusuf 'AbduR-Rahman, (hereafter "Plaintiff AbduR-Rahman"), sustained previous neck, back, injuries,  and torn arm ligaments to his right bicep in year 2019 at work, that had improved tremendously. b As of a result of  the August 21, 2022 accident  Plaintiff 'AbduR-Rahman's prior

4

injuries were exacerbated and caused new, additional, injuries to Plaintiff 'AbduR-Rahman, i.e., Plaintiff's right shoulder blade, upper and lower back. In furtherance, Plaintiff 'AbduR-Rahman was scheduled to start work at 'Creative Plumbing, Company on September 7, 2022 as a fire sprinkler mechanic, starting pay at $45.00 an hour, but to the contrary Plaintiff 'AbduR-Rahman was coerced to turn this job down because of his current injuries that he sustained on August 21, 2022, that in which resulted from the Defendants' negligence and breach of duty, inter alia. Plaintiff 'AbduR-Rahman has been medically evaluated and surgery will be inevitable in order to hopefully correct and improve Plaintiff 'AbduR-Rahman's physical conditions. Additionally, Plaintiff 'AbduR-Rahman suffers both mental and emotional distress as a result of "the Defendants' actions and inactions" of negligence and omitted actions.

**Plaintiff Jamal Ibin Yusuf 'AbduR-Rahman Smalls**

If were not for the Defendants negligent actions and inactions, the August 21, 2022 automobile accident and injuries that both Plaintiff Jamal Ibin Yusuf 'AbduR-Rahman Smalls sustained would have not occurred, precluded in the beginning. Plaintiff Jamal Ibin Yusuf 'AbduR-Rahman Smalls, (hereafter "Plaintiff Smalls"), sustained neck and back injuries that have not improved as a result of the August 21, 2022 automobile accident. Additionally, Plaintiff Smalls is unable to manage his dog kettle that supports his family financially because of his current injuries that he sustained on August 21, 2022, that in which resulted from the Defendants' negligence and breach of duty, inter alia. Plaintiff Smalls has been medically evaluated and surgery may be an option in order to hopefully correct and improve Plaintiff Small's physical conditions. Plaintiff Smalls suffers both mental and emotional distress as a result of "the Defendants' actions and inactions" of negligence and omitted actions.

**Breach of Duty and Indicia**

IV.  The Plaintiffs' Discovery and Demand for Authorizations will easily disclose to the Court that the Defendants "breached [their] duty" and all pertinent evidence will Support the same as stated below:

    (1) The Defendants failed to apply the required lug-nut torqueing [wrench] to each of the Jeep's lugs after replacing the Jeep's lug-nuts on its rims, inter alia.

    (2) The Defendants simply removed the Jeep from their auto repair garage, parked the Jeep, and failed to drive it in a figure-eight.

    (3) The Defendants were required to repeat this "figure-eight" method three times, applying the torqueing application to each lug-nut each time prior to the required "figure-eight" test drives.

By the Defendants' Contract, a prerequisite, failed to apply the auto repair procedure to assure and render the Jeep safe to operate prior to releasing the Jeep back to the Plaintiffs.

The Plaintiffs in furtherance will demonstrate at trial that the Defendants' auto mechanic(s) was terminated soon after in nexus for failure to follow required safety protocols after replacing the Jeep's lug-nuts onto each rim.

The Plaintiffs will move the Court for an order to use the Defendants' auto repair center employees as potential hostile-witness as a matter of law and evidence; and expert witnesses for purpose of the Defendants' faulty repairs and possible doctoring of their surveillance footage relevant.

V.  **Relief**

The Plaintiffs have exhausted all earnest endeavors to settle this matter out-of-court via the Defendants' Claims Adjusters of South Carolina. i.e., Jeremy Rasmussen and

Tyler Beckman, but no avail. The Defendants' claims adjusters relentlessly displayed a lackadaisical attitude in reference to the Plaintiffs' claims stated against the Defendants, claims that are supported by documentary evidence and expert witnesses; therefore, the Defendants are sued in their own, individual, capacities for $300,000,00 for general and exemplary damages, actual pecuniary damages based on Plaintiffs' current and future pains and sufferings and financial losts, and damages for breach of duty, negligence, and request for special damages due to prejudice, inter alia.

## Certification and Conclusions

V.    Under Federal Rule of Civil Procedure 11, we, Yusuf 'AbduR-Rahman and Jamal Ibin Yusuf 'AbduRahman, the Plaintiffs herein, **certify to the best of our knowledge**, The information, and belief that this Complaint: (1) is not being presented for any, or Improper purpose, for prejudice to the Defendants, unnecessary dilatory, or to frivolously increase Court cost of litigation; (2) is supported by existing law and legitimate claims and arguments for extending, modifying, or reversing existing law; (3) the factual contentions possess evidentiary support, the Defendants' negligence and breach of duty is a direct result of the Plaintiffs sustained personal injuries, and the demand for discovery will disclose indicia that supports all the facts surrounding the Plaintiffs' claims against the Defendants, inter alios; and (4) the Complaint thus complies with the prerequisites of Fed. Civ. Rule 11.

**A.    Plaintiff are Pro Se Litigants**

We, Yusuf 'AbduR-Rahman and Jamal Ibin Yusuf 'AbduR-Rahman, Plaintiffs, agree to provide the Clerk with any changes to our addresses where papers may be served in this entitled above-action. We understand that our failure to keep a current address on file with the Clerk's Office may result in a dismissal of our case.

Dated: Staten Island, New York
     November 22, 2022

Signature of Plaintiff _____

Printed Name of Plaintiff_____ Yusuf 'AbduR. Rahman

Dated: Irmo, South Carolina
     November 18, 2022

Signature of Plaintiff _____

1. Printed Name of
   Plaintiff _____

**END**

# UNITED STATES DISTIRCT COURT
## For the
## Eastern District of New York

_____

YUSUF 'ABDUR-RAHMAN; and JAMAL
IBIN YUSUF 'ABDUR-RAHMAN SMALLS,                    Civil Case No._____

                        Plaintiffs,


vs.


DOUG MCMILLION, PRESIDENT & CEO;
JIM WALTON; ALICE WALTON; SAMUEL
ROBSON WALTON; LUKAS WALTON; ANN
WALTON KROENKE, HEIRS OF WALMART;
AND WALMART CORPORATION;



                        Defendants.

_____

## SUMMONS IN A CIVIL ACTION

To: Defendants Doug McMillion; Jim Walton; Alice Walton; Samuel Robson Walton; Lukas
Walton; Ann Walton Kroenke; and Walmart Corporation, last known address of place of
business is at: 703 S.W. 8th Street, Bentonville, Arkansas 72716

        A lawsuit has been filed against you.

        Within 21 days after service of this Summons on you, you must serve on the Plaintiffs
your answer to the attached Complaint or a motion under Rule 12 of the Fed. R. Civ. Proc. The
Answer or motion must be served on the _pro se_ Plaintiffs herein whose names are:

Yusuf 'AbduR-Rahman, 31 Clark Lane, Apt 31B, Staten Island, NY 10304; and Jamal Ibin Yusuf 'AbduR-Rahman Smalls, 17 Laurel Court, Irmo, South Carolina 29063.

      If you fail to respond, judgment by default will be entered against you for the relief demanded in this Complaint.

      You also file your answer or motion with the Court.

Date: _____

                                   CLERK OF COURT

                                   _____

                                   Signature of Clerk or Deputy Clerk